# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. SHERRY ELLIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV-2016- 0019-HE |
| 1. DANIEL HOLTZCLAW, individually, | ) ) | |
| 2. THE CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal corporation, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges and states as follows:

## PARTIES

1. The Plaintiff is Sherry Ellis, an adult female resident of Oklahoma County, Oklahoma.

2. The Defendants are:

    a. Daniel Holtzclaw, individually, and

    b. The City of Oklahoma City, Oklahoma, a municipal corporation.

## JURISDICTION AND VENUE

3. This action is for the violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as made actionable by 42 U.S.C. § 1983. Jurisdiction is granted by 28 U.S.C. §§ 1331, 1343(a).

4. All of the acts complained of occurred in Oklahoma County and all of the Defendants may be served in Oklahoma County wherefore venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF FACTS AND CAUSES OF ACTION

### COUNT I

Plaintiff's First Cause of Action goes only to Defendant Holtzclaw and for this cause Plaintiff alleges and states as follows:

5. All of the actions of Defendant Holtzclaw were done under the color of state law and by misuse of the power and authority granted to him as a police officer of the City of Oklahoma City, Oklahoma.

6. On or about May 7, 2014, the Defendant Holtzclaw, while acting as an Oklahoma City police officer, used his position to commit sexual assaults and batteries on the Plaintiff which constitute excessive and unreasonable force in violation of the Fourth Amendment.

7. In selecting the Plaintiff, Holtzclaw was motivated by Plaintiff's gender (female) and her race (African-American) and thus deprived the Plaintiff of equal protection and due process of the law as provided by the Fifth and Fourteenth Amendments.

8. Such actions by Holtzclaw caused the Plaintiff to suffer extreme mental and emotional distress as well injuring her constitutional rights and her interest in personal safety and security.

9. Because the actions of Defendant Holtzclaw were willful, malicious, and oppressive, Plaintiff is entitled to an award of punitive damages against Holtzclaw individually.

**WHEREFORE,** judgment should be entered in favor of the Plaintiff and against the Defendant Holtzclaw for all actual damages suffered by the Plaintiff, punitive damages and for Plaintiff's costs, pre-judgment and post-judgment interest and attorney's fees.

### COUNT II

For her second cause of action Plaintiff incorporates the allegations above made and further alleges as follows:

10. The City of Oklahoma City is liable for the actions of Defendant Holtzclaw in that the City was deliberately indifferent to the threat posed by Holtzclaw and created a targeted danger to a specific class of individuals of which the Plaintiff was a part.

11. The City of Oklahoma City would have had knowledge of the activities and should have been monitoring his conduct because Holtzclaw has been publicly accused of using or participating in excessive force causing the death of an individual known as Clifton Darnell Armstron on or about May 1, 2013. This resulted in a tort claim notice on or about July 13, 2013, and a lawsuit filed on or about April 2, 2014, and which was pending at the time of Holtzclaw's assault on the Plaintiff. Such notice warranted close scrutiny and monitoring of the actions of Holtzclaw.

12. Defendant Holtzclaw's sexual assault conduct took place during his assigned working hours and while the location of his vehicle could be determined through GPS and his activities monitored, at least in part, by radio call-ins. During that time period, and both before and after the assault on the Plaintiff, Defendant Holtzclaw committed similar assaults on a sufficient number of African-American females that the City of Oklahoma City had both actual notice or constructive notice of threat Holtzclaw posed to a class of African American women in the community. Such knowledge is shown, without limitation, by the following events affecting persons other than the Plaintiff at the following dates:

   a. On or about November 5, 2013, he sexually assaulted a female identified as Demetria Campbell. Ms. Campbell went to the emergency room at the OU Medical Center and a Lt. Brian Bennett appeared and took a statement from Ms. Campbell where she detailed the assault.

   b. On or about Dec. 20, 2013, he sexually assaulted a female identified as S.H.

   c. On or about Jan. 9, 2014, he sexually exposed himself a female identified as

        S.H.

    d.    On or about Feb. 27, 2014, he sexually assaulted a female identified as T.B.

    e.    On or about Mar. 14, 2014, he sexually assaulted a female identified as C.R.

    f.    On or about Mar. 25, 2014, he broke into the home of T.B. and sexually assaulted her.

    g.    On or about April 14, 2014, he sexually assaulted a female identified as F.M.

    h.    On or about April 25, 2014, he sexually assaulted a female identified as R.C.

    i.    No later than May 8, 2014, the sex crimes division of the Oklahoma City police department opened an investigation into Hotlzclaw but left him working as a police officer without supervision or monitoring.

    j.    On or about May 8, 2014, he sexually assaulted a female identified as S.B.

    k.    On or about May 21, 2014, he sexually assaulted a female identified as S.B.

    l.    On or about May 24, 2014, T.M., reported to Det. Rocky Gregory a sexual assault against her by Detective Hotlzclaw.

    m.    On or about May 26, 2014, he sexually assaulted a female identified as C.J.

    n.    On or about June 17, 2014, he sexually assaulted a female identified as C.R.

    o.    On or about June 18, 2014, he sexually assaulted Jannie Ligons, a middle-aged African American woman.

13.    Holtzclaw's actions were part of a common pattern and practice of sexually assaulting middle-age African American females whom he identified as vulnerable to his sexual abuse and whom he believed would either be reluctant or unwilling to come forward or who would not be believed if they did come forward.

14.    The danger of sexual assault by police officers is well known and has been the subject of papers and studies by associations of municipal police chiefs of which the City of Oklahoma City is a member.

15. By virtue of the reports, wide-spread conduct and its own investigation, the Defendant City knew or had reason to know of the dangerous activities of its servant prior to the time of Holtzclaw's assault on the Plaintiff.

16. By leaving Holtzclaw as an active police officer wearing the uniform and authority of the City and armed with lethal force, the City at the least recklessly or with deliberate indifference itself created the danger and directly participated in the constitutional deprivation in that:

    1) plaintiff was a member of a limited and specifically definable group (African-American women);

    2) defendant's conduct put the targeted group, of which plaintiff was a part, at substantial risk of serious, immediate, and proximate harm;

    3) the risk was obvious or known;

    4) defendant City acted recklessly in conscious disregard of that risk;

    5) such conduct when viewed in total, is conscience shocking, and

    6) defendant both created the danger and increased the plaintiff's vulnerability to the danger.

17. As the direct consequence of its own actions, the City damaged the Plaintiff by causing her to suffer extreme mental and emotional distress as well injuring her constitutional rights and her interest in personal safety and security.

    **WHEREFORE,** judgment should be entered in favor of the Plaintiff and against the Defendant City for all damages suffered by the Plaintiff together with her costs, pre-judgment and post-judgment interest and attorney's fees.

**RESPECTFULLY SUBMITTED THIS <u>11th</u> DAY OF JANUARY, 2016.**

<u>s/ Mark E. Hammons</u>
Mark Hammons, OBA No. 3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Mark@hammonslaw.com
        leah@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*
