# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

| | |
|---|---|
| 1.  SHERRY ELLIS,                          )<br>                                                              )<br>2.  CARLA RAINES,                          )<br>                                                              )<br>3.  REGINA COPELAND,                  )<br>                                                              )<br>           Plaintiffs,                             )<br>                                                              )<br>v.                                                           )<br>                                                              )<br>1.  DANIEL HOLTZCLAW, individually,  )<br>                                                              )<br>2.  THE CITY OF OKLAHOMA CITY,  )<br>     OKLAHOMA, a municipal corporation, )<br>                                                              )<br>           Defendants.                            )  | CIV-2016-16-019-HE<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## AMENDED COMPLAINT

**COME NOW THE PLAINTIFFS** and hereby files the following amended complaint. No responsive pleadings have yet been served, and therefore, amendment without leave of Court is authorized by Fed.R.Civ.P. 15(a)(1). Plaintiffs allege as follows:

## PARTIES

1. The Plaintiffs are:

   a. Sherry Ellis, an adult female resident of Oklahoma County, Oklahoma.

   b. Carla Raines, an adult female resident of Oklahoma County, Oklahoma.

   c. Regina Copeland, an adult female resident of Oklahoma County, Oklahoma at all times relevant to this lawsuit.

2. The Defendants are:

   a. Daniel Holtzclaw, individually, and

   b. The City of Oklahoma City, Oklahoma, a municipal corporation.

**JURISDICTION AND VENUE**

3. This action is for the violation of the Plaintiffs' constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as made actionable by 42 U.S.C. § 1983. Jurisdiction is granted by 28 U.S.C. §§ 1331, 1343(a).

4. All of the acts complained of occurred in Oklahoma County, and Defendant City may be served in Oklahoma County. Defendant Holtzclaw is currently held in Cleveland County, Oklahoma. Both counties are within the Western District of Oklahoma, wherefore venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**STATEMENT OF FACTS AND CAUSES OF ACTION**

**COUNT I**

Plaintiffs' First Cause of Action goes only to Defendant Holtzclaw and for this cause Plaintiffs allege and state as follows:

5. All of the actions of Defendant Holtzclaw were done under the color of state law and by misuse of the power and authority granted to him as a police officer of the City of Oklahoma City, Oklahoma.

6. On or about March 14, 2014, or other dates, the Defendant Holtzclaw, while acting as an Oklahoma City police officer, used his position to commit sexual assaults and batteries on the Plaintiff Carla Raines which constitute excessive and unreasonable force in violation of the Fourth Amendment.

7. On or about April 25, 2014, or other dates, the Defendant Holtzclaw, while acting as an Oklahoma City police officer, used his position to commit sexual assaults and batteries on the Plaintiff Regina Copeland which constitute excessive and unreasonable force in violation of the Fourth Amendment.

8. On or about May 7, 2014, or other dates, the Defendant Holtzclaw, while acting as an Oklahoma City police officer, used his position to commit sexual assaults and batteries on the Plaintiff Sherry Ellis which constitute excessive and unreasonable force in violation of the Fourth Amendment.

9. In selecting the Plaintiffs, Holtzclaw was motivated by Plaintiffs' gender (female) and their race (African-American), and thus deprived the Plaintiffs of equal protection and due process of the law as provided by the Fifth and Fourteenth Amendments.

10. Such actions by Holtzclaw caused the Plaintiffs to suffer extreme mental and emotional distress as well injuring their constitutional rights and interest in personal safety and security.

11. Because the actions of Defendant Holtzclaw were willful, malicious, and oppressive, Plaintiffs are entitled to an award of punitive damages against Holtzclaw individually.

**WHEREFORE,** judgment should be entered in favor of the Plaintiffs and against the Defendant Holtzclaw for all actual damages suffered by the Plaintiffs, punitive damages and for Plaintiffs' costs, pre-judgment and post-judgment interest and attorney's fees.

## COUNT II

For their second cause of action, Plaintiffs incorporate the allegations above made and further allege as follows:

12. The City of Oklahoma City is liable for the actions of Defendant Holtzclaw in that the City was deliberately indifferent to the threat posed by Holtzclaw and created a targeted danger to a specific class of individuals of which the Plaintiffs were a part.

13. The City of Oklahoma City would have had knowledge of the activities and should have been monitoring his conduct because Holtzclaw has been publicly accused of using or participating in excessive force causing the death of an individual known as Clifton Darnell Armstrong on or about May 1, 2013.  This resulted in a tort claim notice on or about July 13, 2013, and a lawsuit filed on or about April 2, 2014, and which were pending at the time of Holtzclaw's assault on the Plaintiffs. Such notice warranted close scrutiny and monitoring of the actions of Holtzclaw.

14. Defendant Holtzclaw's sexual assault conduct took place during his assigned working hours and while the location of his vehicle could be determined through GPS and his activities monitored, at least in part, by radio call-ins. During that time period, and both before and after the assault on the Plaintiffs, Defendant Holtzclaw committed similar assaults on a sufficient number of African-American females that the City of Oklahoma City had both actual notice or constructive notice of threat Holtzclaw posed to a class of African American women in the community. Although the following events are only a portion of the relevant issues, these events show the conduct of which the Defendant had actual or constructive knowledge:

    a. On or about November 5, 2013, he sexually assaulted a female identified as Demetria Campbell.  Ms. Campbell went to the emergency room at the OU Medical Center and a Lt. Brian Bennett appeared and took a statement from Ms. Campbell where she detailed the assault.

    b. On or about Dec. 20, 2013, he sexually assaulted a female identified as S.H.

    c. On or about Jan. 9, 2014 through January 31, 2014, he sexually exposed himself a female identified as S.H.

    d. On or about Feb. 27, 2014, he sexually assaulted a female identified as T.B.

e. On or about Mar. 14, 2014, he forced a female identified as C.R. to expose herself to him.

f. On or about Mar. 25, 2014, he broke into the home of T.B. and forced her to expose herself to him.

g. On or about Mar. 26, 2014, harassed, molested and assaulted T.B.

h. On or about April 14, 2014, he sexually assaulted a female identified as F.M.

i. On or arount April 24, 2014, he sexually assaulted a female identified as R.G.

j. On or about April 25, 2014, he sexually assaulted a female identified as R.C.

k. On or about May 7, 2014, he sexually assaulted a female identified as S.E.

l. No later than May 8, 2014, the sex crimes division of the Oklahoma City police department opened an investigation into Hotlzclaw but left him working as a police officer without supervision or monitoring.

m. On or about May 8, 2014, he sexually assaulted a female identified as T.M.

n. On or about May 21, 2014, he sexually assaulted a female identified as S.B.

o. On or about May 24, 2014, T.M., reported to Det. Rocky Gregory a sexual assault against her by Detective Hotlzclaw.

p. On or about May 26, 2014, he sexually assaulted a female identified as C.J.

q. On or about June 17, 2014, he sexually assaulted a female identified as A.G.

r. On or about June 18, 2014, he sexually assaulted Jannie Ligons, a middle-aged African American woman.

s. On or about June 18, 2014, he sexually assaulted a female identified as K.L.

15. Holtzclaw's actions were part of a common pattern and practice of sexually assaulting middle-age African American females whom he identified as vulnerable to his sexual abuse and whom he believed would either be reluctant or unwilling to come forward or who would not be believed if they did come forward.

16. The danger of sexual assault by police officers is well known and has been the subject of papers and studies by associations of municipal police chiefs of which the City of Oklahoma City is a member.

17. By virtue of the reports, wide-spread conduct, and its own investigation, the Defendant City knew or had reason to know of the dangerous activities of its servant prior to the time of Holtzclaw's assault on the Plaintiffs.

18. By leaving Holtzclaw as an active police officer wearing the uniform and authority of the City and armed with lethal force, the City at the least recklessly or with deliberate indifference itself created the danger and directly participated in the constitutional deprivation in that:

    1) Plaintiffs are members of a limited and specifically definable group (African-American women);

    2) Defendant's conduct put the targeted group, of which plaintiffs are a part, at substantial risk of serious, immediate, and proximate harm;

    3) The risk was obvious or known;

    4) Defendant City acted recklessly in conscious disregard of that risk;

    5) Such conduct when viewed in total, is conscience shocking, and

    6) Defendant both created the danger and increased the plaintiffs' vulnerability to the danger.

19. As the direct consequence of its own actions, the City damaged the Plaintiffs by causing them to suffer extreme mental and emotional distress as well injuring their constitutional rights and their interest in personal safety and security.

**WHEREFORE,** judgment should be entered in favor of the Plaintiffs and against the Defendant City for all damages suffered by the Plaintiffs together with their costs, pre-judgment and post-judgment interest and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF JANUARY, 2016.**

s/ Mark E. Hammons
Mark Hammons, OBA No. 3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Mark@hammonslaw.com
       leah@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiffs Ellis and Raines*

and

s/ Jason M. Hicks
Chris Hammons, OBA #20233
Jason M. Hicks, OBA #22176
Laird Hammons Laird, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73139
Telephone:   405-703-4567
Facsimile:   405-703-4061
E-mail:      Jason@lhllaw.com
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff, Regina Copeland*

## CERTIFICATE OF SERVICE

  A true copy of the foregoing was filed and served by use of U.S. mail to the opposing party below listed on this 27th day of January, 2016.

Francis Kersey
City Clerk
Oklahoma City Clerk's Office
200 N. Walker, 2nd Floor
Oklahoma City, Oklahoma 73102



  A true copy of the foregoing was filed and served by use of certified U.S. mail to the opposing party below listed on this 26th day of January, 2016.

Daniel Holtzclaw
c/o Warden, Lexington Assessment & Reception Center
PO Box 260
15151 Hw 39e
Lexington, OK 73051


            s/ Mark E. Hammons