## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY ELLIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-16-0019-HE |
| ) | |
| DANIEL HOLTZCLAW, individually, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT CITY OF OKLAHOMA CITY'S OBJECTION TO PLAINTIFFS' MOTION TO DEPOSE DANIEL HOLTZCLAW WITH AUTHORITY

**COMES NOW** a Defendant, the City of Oklahoma City and hereby objects to Plaintiffs' Motion to Depose Daniel Holtzclaw. As this Court is aware, Defendant Holtzclaw is confined outside the State of Oklahoma under another name. Plaintiffs in *Barnes, et al. v. The City of Oklahoma City, et al.,* (U.S. District Court for the Western District of Oklahoma Case No. CIV-16-184-HE) and *Gardner v. The City of Oklahoma City, et al.* (U.S. District Court for the Western District of Oklahoma Case No. CIV-16-349-HE) needed the assistance of the U.S. Marshall (after obtaining authorization of this Court) to serve Defendant Holtzclaw with process in their respective cases.

On July 1, 2016, Plaintiffs filed an instant Motion and did not recite any reason for the need of this deposition. Instead, Plaintiff's erroneously claimed that Defendant Holtzclaw was confined in the Oklahoma County Jail awaiting sentencing.

On July 5, 2016, Defendant Holtzclaw filed his Response [Doc. 21] informing the Court that Plaintiffs' Motion was incorrect. On July 12, 2016, Plaintiffs filed their Reply

which again failed to state any reason for this deposition.  At the Status Conference, this Court asked Plaintiffs about this Motion, specifically regarding what the need for a deposition if Defendant Holtzcalw is pleading his Fifth Amendment immunity from testifying?  Plaintiffs' only response as to the need was to ask if there was an unofficial investigation of these allegations.  When asked about why an interrogatory could not be submitted, the only response was because the Plaintiffs did not want to waste one of their interrogatories.  Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> ***Scope in General.***  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant City objects to Plaintiffs' Motion because the Motion is incorrect, no cause is shown to overcome the logistical nightmare of arranging such a deposition and the fact that Plaintiffs have yet to even try to get Defendant Holtzclaw to answer any interrogatories.

**WHEREFORE,** Defendant City objects to Plaintiffs' request.

          Respectfully Submitted,

          Kenneth Jordan
          Municipal Counselor

          /s/ Richard C. Smith
          Richard C. Smith, OBA #8397
          Sherri R. Katz, OBA #14551
          Assistant Municipal Counselors
          200 N. Walker, 4th floor
          Oklahoma City, OK 73102
          (405) 297-2451 Fax: (405) 297-3851
          rick.smith@okc.gov
          sherri.katz@okc.gov
          Attorneys for Defendant City

## CERTIFICATE OF SERVICE

    I hereby certify that on the 13th to Plaintiffs' Motion to Depose Daniel Holtzclaw with Authority to the Clerk of the Court using the ECF filing system and transmittal of a Notice of Electronic Filing to the following ECF registrant: Mark Hammons, mark@hommonslaw.com and Leah M. Roper, leah@hommonslaw.com, Attorneys for Plaintiffs Ellis and Raines; Chris Hammons, Chris@lhllaw.com and Jason M. Hicks, Jason@lhllaw.com, Attorneys for Plaintiff Copeland and to Susan Ann Knight, susanannknight@gmail.com, Attorney for Defendant Holtzclaw.

          /s/ Richard C. Smith
          Assistant Municipal Counselor

Y:\Ellis, Sherry v. Holtzclaw, et al., CIV-2016-0019-HE RCS\Defs' Pleadings\City's Obj to Plf's Mtn to Depose Holtzclaw.doc

3