# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY ELLIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  NO.  CIV-16-0019-HE |
| | ) |
| DANIEL HOLTZCLAW, *et al.* | ) |
| | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

**PURSUANT TO APPLICATION AND FOR GOOD CAUSE** this Court enters the following Protective Order governing confidential and private material produced or to be produced in this case.

1. The following materials produced or to be produced during the course of this litigation are deemed private and confidential and subject to this Order:

   a. Redacted copies of the personnel file of any current or former City employee, including Defendant Holtzclaw.

The confidential materials described above shall remain confidential and, absent permission by the Court, are to be used only for purpose of preparation and presentation of this case for trial, settlement matters, during pre-judgement and post-judgement appeals, and post-judgement collection.

2. Such private and confidential materials may only be disclosed to:

   a. The parties;

   b. The attorneys for the parties and the attorney's staff;

   c. Court staff and staff of the Court Clerk;

   d. Any witnesses during the course of depositions or preparations for

        trial;

    e.    Any court reporter or videographer;

    f.    Any person who is or reasonably may be expected to be a witness in this action; and,

    g.    Any person who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions, or to serve as a consultant with regard to issues in the action.

    3. Prior to disclosure of documents or information designated as Aconfidential@ pursuant to this Order to the parties, potential witnesses, witnesses or persons retained to serve as consulting experts for Plaintiffs or Defendants or to any person identified above, counsel shall show such person(s) a copy of this Order indicating that the material is to remain confidential.

    4. The party seeking discovery shall have the right to challenge any designation of confidentiality by negotiating in good faith with the party designating the material as confidential and, if that fails to resolve the dispute, then by seeking an order of the Court with respect to any documents or information designated as Aconfidential.@ The party seeking discovery will treat all documents or information designated as Aconfidential@ in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

    5. This Order shall not preclude counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients for purposes of settlement discussion or case preparation.

6. Counsel for the parties or witnesses shall maintain and preserve all signed written agreements by persons to be bound by this Protective Order.

7. Confidential information subject to this Order that is included in documents filed electronically shall be redacted if such redaction does not eliminate relevant information material to the purpose of the filing. If a party proposes to file confidential information without redaction, the party shall give notice to the party who produced the information in sufficient time to allow that party to seek to have such filing sealed.   It is the burden of the party seeking to have the information sealed to timely file for such relief.   Until and unless the Court allows a document to be filed under seal, there is no duty to file any document under seal. Any documents ordered to filed under seal, shall be filed in compliance with the–Court=s Electronic Filing Policies and Procedures Manual (AECF Manual@),Part IIH(2)(a). The parties will comply with all requirements and provisions of the ECF Manual governing the presentation and filing of redacted or partially redacted documents.

8. Information that is confidential shall be marked A**CONFIDENTIAL.**@

9. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

10. This Order shall remain in force throughout the pendency of this case, and any related appeals, unless and until it is modified by this Court.

11. Information filed of record or presented in open court shall cease to be confidential when so filed or presented subject to the right of either party to move separately for the subsequent sealing of such information or for its withdrawal from the public record.

12. The entry of this Protective Order does not constitute a determination that any material designated as confidential is relevant, admissible and/or subject to being produced

during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality regarding materials subject to this Order.

13. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

14. At the conclusion of the litigation, which includes completion of all appeals or the expiration of time for appeals, all witnesses and parties in possession of confidential documents to the attorney(s) from who they received document(s) within thirty (30) days.

15. Counsel shall destroy or return to the producing party at the producing party=s option, any and all copies of any confidential information obtained during this litigation within thirty (30) days of the final resolution of this action.

**IT IS SO ORDERED**.

Dated this 7th day of May, 2019.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE