**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA**

| | | |
|---|---|---|
| 1. SHERRY ELLIS, | ) | |
| | ) | |
| 2. CARLA RAINES, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV-2016-16-019-HE |
| | ) | |
| 1. DANIEL HOLTZCLAW, individually, | ) | |
| | ) | |
| 2. THE CITY OF OKLAHOMA CITY, | ) | |
| OKLAHOMA, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COME NOW THE PLAINTIFFS** and hereby move for this Court to enter partial summary judgment declaring that Defendant Holtzclaw violated the constitutional rights of these Plaintiffs by sexually assaultive behavior.

**STATEMENT OF THE CASE**

Daniel Holtzclaw has become widely known for having sexually assaulted many Oklahoma City area women under the color of his authority as a police officer. These (2) two Plaintiffs are two of those victims.

While Plaintiffs candidly admit that Officer Holtzclaw denies their claims, just as he denies the claims for which he was criminally convicted, he is collaterally estopped from denying such liability.

Mr. Holtzclaw was administratively accused of sexually assaulting a variety of women including these two (2) Plaintiffs. Mr. Holtzclaw elected to participate in that proceeding and was given the benefit of Oklahoma City's pretermination administrative procedures. Under

such procedures Mr. Holtzclaw was allowed to be represented by counsel, to hear and cross-examine witnesses against him, to present his own witnesses and evidence and to appeal an adverse decision. Mr. Holtzclaw was found guilty by clear and convincing evidence of each allegation- including the ones involving these Plaintiffs- and he elected not to appeal.

Since Mr. Holtzclaw gave up his appeal rights, the administrative findings became final.

Administrative actions which afford due process, such as the one Mr. Holtzclaw went through, are preclusive as to the facts adjudicated. Thus, despite Mr. Holtzclaw's belated denials, he is bound by those administrative findings and must be found liable for the assault of these Plaintiffs.

## STATEMENT OF UNCONTESTED FACTS

1.  Daniel Holtzclaw was employed by the Oklahoma City police department as a police officer. Ex 1, (Def Dep Ex 5) and Ex 2, (Def Dep Ex 6).

2.  While acting as an officer, Mr. Holtzclaw used his authority to have Plaintiff Raines expose her breasts, Ex 3, P.H. Vol I, Tr, Raines, p. 74, lns 15-18; p. 78, ln 1 to p. 79, ln 18; p. 83, ln 21 to p. 85, ln 8.

3.  While acting as an officer, Mr. Holtzclaw used his authority to twice stop Plaintiff Ellis. The first time, he touched her breasts and vaginal area and required that Ms. Ellis give him oral sex. The second time, Mr. Holtzclaw required intercourse from her. Ex 3, P.H. Vol I, Tr, Raines, p. 278, ln 23 to p. 280, ln 8; p. 281, ln 1 to p. 282; p. 283, ln 20 to p. 286, ln 8; p. 290, ln 10 to p. 291, ln 23.

4.  The Oklahoma City police department investigated Officer Holtzclaw and, following that investigation, brought administrative charges against Mr.

Holtzclaw for sexually assaulting a number of persons including Ms. Ellis and Ms. Raines while Mr. Holtzclaw was on duty as a police officer. See Ex 1, (Def Dep Ex 5, (Allegation 6, Raines, p. 2, Allegations 15 through 17, Ellis, p. 3); Ex 4, Tr. Holtzclaw, p. 210, ln 20 to p. 211, ln 14; p. 251, ln 5 to 14.

5.     Pursuant to the administrative proceedings, Mr. Holtzclaw was given a pretermination hearing notification. Ex 1, (Def Dep Ex 5).

6.     The pretermination proceeding was conducted before the Oklahoma City Department Review Board under Police Department Procedure 160.10. In accordance with those procedures:

   A.     The Board may accept any testimonial or documentary evidence;

   B.     The evidence from the hearing would not be admissible in a criminal proceeding;

   C.     Mr. Holtzclaw was allowed to be present, ask questions and respond to any evidence;

   D.     Mr. Holtzclaw could present witnesses, documents or any other relevant evidence;

   E.     The Board was required to make findings of fact; and,

   H.     Mr. Holtzclaw had a right of appeal.

Ex 1, (Def Dep Ex 5, p. 9).

7.     Mr. Holtzclaw received the pretermination hearing notification on Oct. 27, 2014. Ex 1, (Ex 5, receipt of notification).

8.     The pretermination hearing was conducted on Dec. 11 and Dec. 23, 2014. Mr. Holtzclaw was personally present and was represented by an attorney. Ex 2, (Def Depo Ex 6); Ex 4, Tr. Holtzclaw, p. 215, lns 1-8.

9.     Mr. Holtzclaw acknowledged that this was a formal administrative hearing where he was represented by counsel, witnesses were called and Mr. Holtzclaw's counsel was allowed to call witnesses and to cross-examine the witnesses.  Ex 1, (Def Dep Ex 5, p. 9); Ex 4, Tr. Holtzclaw, p. 251, ln 5 to p. 254, ln 6.

10.    During the pretermination hearing, Sgt. Rocky Gregory testified about the allegations against Mr. Holtzclaw pertaining to Ms. Raines and Ms. Ellis among others. Ex 2, (Def Depo Ex 6); Ex 4, Tr. Holtzclaw, p. 215, lns 1-24.

11.    At the conclusion of the hearing, all of the allegations against Mr. Holtzclaw were sustained by clear and convincing evidence. Ex 2, (Def Dep Ex 6, p. 2 "Conclusion"); Ex 4, Tr. Holtzclaw, p. 254, lns 7-13.

12.    Mr. Holtzclaw elected not to appeal the findings, even though he concedes that an appeal would have been to a neutral arbitrator. Ex 4, Tr. Holtzclaw, p. 254, ln 14 to p. 256, ln 12.

13.    On January 8, 2015, the findings of the hearing board were affirmed by the Chief of Police. Ex 5, (Plf Depo Ex 10).

14.    Mr. Holtzclaw elected to not testify before the hearing board. Ex 4, Tr. Holtzclaw, p. 184, lns 2-6.

## ARGUMENT AND AUTHORITY

### I. - THE SUMMARY JUDGMENT STANDARD

Plaintiffs' motion goes only to the issues of Mr. Hotzclaw's individual liability.

"Rule 56 provides for summary judgment on particular issues or claims". *O'Toole v. Northrop Grumman Corp.,* 305 F.3d 1222, 1227 (10th Cir.2002). Partial summary judgment "empowers the court to withdraw sham issues from the case and to specify those facts that

really cannot be controverted." Wright, Miller & Kane 10B *Federal Practice and Procedure, Civil 2d:* § 2737, p. 318 (1998). Use of partial summary adjudication is helpful in narrowing the issues and sorting out contentions that are legitimate from those that are not. *City of Wichita, Kan. v. U.S. Gypsum Co.,* 828 F.Supp. 851, 869 (D.Kan.1993), *aff'd part, rev'sd part* 72 F.3d 1491.

> The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).
> Once the movant has met this initial burden, the burden shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.' *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must 'set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.' *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler,* 144 F.3d at 671). To accomplish this, the facts 'must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.' *Adams*, 233 F.3d at 1246.

*Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 2005 U.S. Dist. LEXIS 12537, * 28-29 (D. Kan., 2005).

Here, issue preclusion prevents Mr. Holtzclaw from forcing these Plaintiffs to go through a trial on issues which Mr. Holtzclaw has already litigated and lost.

## II. - LIABILITY OF HOLTZCLAW

Mr. Holtzclaw had a full and fair administrative opportunity to contest the claims that he sexually assaulted Plaintiffs Raines and Ellis. The standard of proof used in the

administrative proceeding was clear and convincing evidence which is higher than the preponderance of the evidence requirement for civil liability.

The administrative proceeding was an employee grievance procedures provided for by state law, 11 O.S. § 51-101, *et seq*, which applies to both police and fire employees.

The conduct of such an administrative hearing is entitled to collateral estoppel as to the issues presented and decided in such a forum, i.e., whether Mr. Holtzclaw had engaged in sexual assault against the Plaintiffs. It is established by Tenth Circuit precedent that a police employee grievance procedure which provides for procedural due process is entitled to issue preclusive effect. ***Salguero v. City of Clovis***, 366 F.3d 1168, 1173 (10th Cir. 2004):

> [T]he principles of collateral estoppel, or issue preclusion, to decisions of state administrative bodies serves to promote federalism, conserve judicial resources, and encourage parties to minimize the expense and burden of repetitive litigation. ***See Univ. of Tenn. v. Elliott***, 478 U.S. 788, 798 (1986). Thus when a state agency (1) acts in 'a judicial capacity'; (2) resolves 'disputed issues of fact properly before it'; and (3) the parties have had 'an adequate opportunity to litigate' the issue, we will grant the state agency's decision preclusive effect to the extent that it would have received preclusive effect in state court. ***Id.*** at 799 (quotation omitted).

(Applying issue preclusion to a police employment grievance hearing).

Here, the State of Oklahoma applies the same doctrine of issue preclusion to decisions made by Oklahoma municipal authorities proceeding under the very statutes which governed Mr. Holtzclaw's hearings:

> The statutory language expresses a clear legislative intent that any disputes arising from the interpretation or application of the binding collective bargaining agreement shall have an immediate and speedy resolution by required arbitration. The Oklahoma City Employees Grievance Procedure was specifically incorporated into the collective bargaining agreement reached between the City and the firefighters. The collective bargaining agreement limited the employee to the rights and remedies specified therein. The grievance provisions of the collective bargaining agreement controlled the procedure to be followed in the settlement of grievances. *Voss had a full hearing before the Union Grievance Committee and the Oklahoma City Employees Grievance Review Board. His grievance was denied by two entirely*

> *separate grievance boards and by the City Manager. The firefighter was accorded every grievance remedy provided by the collective bargaining agreement and the City Personnel Grievance Review Board. . . .*

*Voss v. City of Okla. City*, 1980 OK 148, ¶¶ 7-8, 618 P.2d 925, 928 (emphasis supplied, applying issue preclusion).

Mr. Holtzclaw availed himself of the procedures and protections of the City's administrative process. He had a full hearing and, through his attorney, examined witnesses and made arguments. At the conclusion of the hearing, the allegations were found to be supported by clear and convincing evidence and were sustained by the administrative board, and that determination was approved by the City Manager. Mr. Holtzclaw allowed that decision to become final by waiving the right to appeal the decision through arbitration under the collective bargaining agreement.

This procedurally sufficient hearing is entitled to be given preclusive effect in this action which involves the same set of allegations as to these very Plaintiffs.

It is, of course, clearly established that sexual assault by a government officer is a constitutional violation. "The protections of substantive due process have for the most part been accorded to matters relating to . . . the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Thus, a sexual assault by a government official is a constitutional violation in virtually any setting. *E.g., Abeyta by & Through Martinez v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1255 (10th Cir. 1996) ("Sexual assault or molestation by a school teacher violates a student's substantive due process rights."), and *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("Clearly plaintiffs' deprivations resulting from the sexual assaults are sufficiently serious to constitute a violation under the Eighth Amendment.").

The right to be free from sexual assault by a police officer is clearly established. Indeed, "People should understand without training that they shouldn't sexually assault people because it's a criminal act." ***Castillo v. Jones-Cooper***, 660 F. App'x 614, 617-18 (10th Cir. 2016). "In light of the regular law enforcement duties of a police officer, we cannot conclude that there was a patently obvious need for the city to specifically train officers not to rape young women." ***Barney v. Pulsipher***, 143 F.3d 1299, 1308 (10th Cir. 1998) (Quoting ***Andrews v. Fowler***, 98 F.3d 1069, 1077 (8th Cir. 1996)).

**WHEREFORE**, the facts having been determined by the administrative hearing and the law being clearly established, judgment should be entered against Defendant Holtzclaw on the issue of his individual liability.

**RESPECTFULLY SUBMITTED THIS 30th DAY OF JANUARY 2020.**

s/ Mark E. Hammons
Mark Hammons, OBA No. 3784
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email:amberashby@hammonslaw.com
*Counsel for Plaintiffs Ellis and Raines*

## CERTIFICATE OF SERVICE

☒   I hereby certify that on this 30th day of January 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants;

James L. Hankins
929 NW 164th St.
Edmond, Ok 73013
Telephone: 405-753-4150
Fax: 405-445-4956
jameshankins@ocdw.com
*Counsel for Daniel Holtzclaw*

Rick Smith, OBA # 8397
Sherri R. Katz,
Mary K. Goff
Thomas Tucker
Asst. Municipal Counselor
200 North Walker Ste 400
Oklahoma City, OK 73102
Telephone:(405) 297-2451
Facsimile:(405) 297-3851
E-mail: rick.smith@okc.gov
sherri.katz@okc.gov
katie.goff@okc.gov
thomasltucker@okc.gov
*Counsel for City*

Benjamin Lloyd Crump, FL Bar #72583
Ben Crump Law, PLLC
122 S. Calhoun St.
Tallahassee, FL 32301
Phone: (844) 638-1822
bencrump@bencrump.com

Melvin C. Hall, OBA No. 3728
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS
528 NW 12th St.
Oklahoma City, OK 73103
Telephone: (405) 843-9909
Facsimile:  (405) 842-2913
mhall@riggsabney.com
dsimmons@riggsabney.com

Damario Solomon-Simmons, OBA #20340
Kymberli J. M. Heckenkemper, OBA No. 33524
502 W. 6th Street
Tulsa, OK 74119
918-587-3261
918-587-9708
dsimmons@riggsabney.com
kheckenkemper@riggsabney.com
*Attorneys for Plaintiff Regina Copeland*

**COUNSEL FOR RELATED CASES:**

Plaintiffs:

Damario Solomon-Simmons, OBA #20340
502 W. 6th Street
Tulsa, OK 74119
918-587-3261
918-587-9708
dsimmons@riggsabney.com
*Attorney for Tabatha Barnes, et al*

Melvin C. Hall, OBA #3728
528 NW 12th St.
Oklahoma City, OK 73103
405-843-9909
405-842-2913
mhall@riggsabney.com
*Attorney for Tabatha Barnes, et al*

Benjamin L. Crump
PARKS & CRUMP, LLC
240 North Magnolia Dr.
Tallahassee, FL 32301
850-222-3333
850-224-6679
bcrump@parkscrump.com
*Attorney for Tabatha Barnes, et al*

Nkem House, OBA #21219
Rhone & House, P.A.
527 N.W. 23rd St., Suite 200
Oklahoma City, OK 73103
405-602-5393
405-602-5390
houselawfirm@gmail.com
*Attorney for Rosetta Grate*

Andrew Casey
Carla R. Stinnett
Stinnett Law
404 E. Dewey Ave.
Sapulpa, OK 74066
918-227-1177
918-227-1197
andrew@stinnettlaw.com
carla@stinnettlaw.com
*Attorney for Adaira Gardner*

Ambre C. Gooch, OBA #16586
Chris J. Collins
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th St, Second Floor
Oklahoma City, OK 73105
405-524-2070
405-524-2078
gooch@czwglaw.com
cjc@czwlaw.com
*Attorneys for Brian Bennett*

Jim Dowell
Jim D Dowell PC
1807 Oklahoma Ave.
Woodward, OK 73801
580-254-0081
580-254-0037
jdowell@dowelllaw.net
*Attorney for Adaira Gardner*

Rick Smith, OBA # 8397
Sherri R. Katz
Asst. Municipal Counselor
200 North Walker Ste 400
Oklahoma City, OK 73102
Telephone:(405) 297-2451
Facsimile:(405) 297-3851
E-mail: rick.smith@okc.gov
sherri.katz@okc.gov
*Counsel for Rocky Gregory and Bill Citty*